MARTIN, J., sat but did not participate in decision.

UNITED STATES v. WEATHER-RITE SPORTSWEAR CO., INC. (No. 5158) *

United States Court of Customs and Patent Appeals,
December 17, 1964

*John W. Douglas*, Assistant Attorney General, *Alan S. Rosenthal, Robert V. Zener*, for the United States.

*Norman Katz* for appellee.

[Oral argument November 2, 1964, by Mr. Zener and Mr. Katz]

Before WORLEY, Chief Judge, and RICH, MARTIN, SMITH, and ALMOND, Jr., Associate Judges

ALMOND, Judge, delivered the opinion of the court:

The United States appeals from a judgment of the United States Customs Court, First Division, Abs. 68019, sustaining a protest involving certain rainwear made of synthetic rubber, colored yellow. The merchandise was classified by similitude in use to articles of which india rubber is the component material of chief value, not

---

*C.A.D. 848.

specially provided for, under paragraph 1559(a) of the Tariff Act of 1930, as amended, and paragraph 1537(b) of said act, as modified by T.D. 53865 and T.D. 53877, with assessment of duty at the rate of 12½ per centum ad valorem. The Customs Court held that the merchandise was dutiable at 8½ per centum ad valorem under the provision in paragraph 1558 of the Tariff Act of 1930 for non-enumerated manufactured articles, as modified by the provisions in the General Agreement on Tariffs and Trade (GATT), T.D. 51802, for synthetic rubber articles, and as further modified by the Sixth Protocol of Supplementary Concessions to such agreement, T.D. 54108.

The pertinent portions of the statutes involved read as follows:

Paragraph 1559(a):

Each and every imported article, not enumerated in this chapter, which is similar in the use to which it may be applied to any article enumerated in this chapter as chargeable with duty, shall be subject to the same rate of duty as the enumerated article it most resembles in the particular before mentioned; * * *

Paragraph 1537(b):

Manufactures of india rubber or guttapercha, or of which these substances or either of them is the component material of chief value, not specially provided for * * *:

| * | * | * | * | * | * | * |
|---|---|---|---|---|---|---|

Other_____ 12½% ad val.

Paragraph 1558:

All articles manufactured, in whole or in part, not specially provided for:

Synthetic rubber and synthetic rubber articles * * *_____ 8½% ad val.

The case here on appeal is from the judgment in a second trial of a case decided by the Customs Court in Abs. 66910, July 12, 1962, wherein the same issues, the same merchandise and the same parties were involved. At trial of the instant case the record in the previous case was incorporated therein and the parties submitted on the basis of the prior record. At issue in the incorporated case was the specific issue here on appeal, i.e., whether articles in chief value of synthetic rubber were properly dutiable by similitude to manufactures in chief value of india rubber under paragraphs 1559(a) and 1537(b) at 12½% as liquidated or under paragraph 1558 as modified by GATT at 8½% as contended by appellee.

In the incorporated case the brief filed on behalf of the Government contained the following concession:

"With respect to the articles herein which are not in part of carbon, we agree with the plaintiff herein that they are properly dutiable under paragraph 1558 as synthetic rubber articles at the rate of 8½ per centum ad valorem for the following reason.

The trade agreement known as GATT (1948) T.D. 51802 carved out of paragraph 1558 a specific provision for 'synthetic rubber and synthetic rubber articles'

and provided a rate of 10 per centum ad valorem. The Sixth Protocol to GATT (T.D. 54108) modified the rate from 10 to 8½ per centum ad valorem.

There is no question but what the articles herein are synthetic rubber articles."

At the trial of the present case and in its briefs submitted after trial, the Government repudiated the above quoted concession.

The Customs Court in its opinion in the incorporated case referred to the concession and on the basis thereof sustained the protest with respect to synthetic rubber raincoats not containing carbon, holding that such articles are dutiable under paragraph 1558. The Government's right to appeal from the decision in the incorporated case expired on September 10, 1962, without appeal and without motion to reargue. In short, the Government stood silently and complacently by, ostensibly concurring in the decision.

On trial of the issue here on appeal, the parties stipulated in the court below that the articles in question are in chief value of synthetic rubber, that they are similar in use to rubber rainwear, and that they contain no carbon.

The Customs Court found and stated that the issue before it was identical to that presented in the incorporated case which was decided adversely to appellant. The court recognized, with the citation of sustaining authorities, the long standing tariff distinction among different kinds or types of rubber articles; that Congress regarded india rubber and hard rubber as different commodities for tariff purposes, and that synthetic rubber and india rubber have also been judicially distinguished.

The court further found and stated that "synthetic rubber and synthetic rubber articles have been provided for under paragraph 1558 by the General Agreement on Tariffs and Trade, T.D. 51802."

The court further stated as follows:

It is evident, therefore, that the terms "india rubber," "hard rubber," and "synthetic rubber," as used in the tariff act, are distinguishable and must have narrower meanings than the word "rubber," used without qualification. Under the principle of the cases cited on artificial substances, the latter would include rubber, produced by artificial means, provided it was the same substance or had the essential characteristics and qualities of the material known as rubber, or was known in the trade as rubber.

It is abundantly clear from the cited cases that, for tariff purposes, india rubber, hard rubber, and synthetic rubber are separate and distinct commodities. India rubber has a narrower meaning than the substance or material known as rubber. Synthetic rubber, possessing the essential characteristics or qualities of natural rubber, is rubber.

Consistent with the foregoing analysis, and in the light of the parties' agreement herein that the present merchandise is similar in use to *rubber* rainwear, we find and hold that the collector's classification of the articles by similitude in use to india rubber is erroneous. Since the rainwear involved herein, by virtue of its classification under the similitude provisions of paragraph 1559, as amended, *supra*, is not within any of the enumerated tariff provisions and being admittedly articles in chief value of synthetic rubber, they are properly classi-

fiable under the *eo nomine* provision for such articles in paragraph 1558, as modified; *supra.*

The conclusion makes it unnecessary to review the effect of the concession made by Government counsel in the incorporated case, Abstract 66910, *supra,* admitting the correctness of plaintiff's claim, and which is the subject of much discussion in the briefs filed herein by counsel for the respective parties. Consideration has been given to all of the cases and authoritative references cited by both counsel, but mention has been made only of those cases that lend support to the reasoning followed and the conclusion reached.

On the basis of the combined records before us and for all of the reasons hereinabove set forth, we hold, as we did in the incorporated case as to the merchandise classified by similitude in use to india rubber, that the rainwear in question is properly duitable at the rate of 8½ per centum ad valorem under the provision in paragraph 1558, as modified, *supra,* for synthetic rubber articles. as claimed by plaintiff.

We have taken cognizance of appellant's contention that the modification by GATT of the rate of duty provided by paragraph 1558 did not bring within the scope of that paragraph any items not previously covered thereby. We take no exception to the soundness of the legal principle embodied in this contention.

In the face of strongly persuasive evidence to the contrary, we are not, as the court below was not, inclined to embrace the theory advanced by appellant in the absence of any evidentiary support of record. It clearly appears that it was the intention of the negotiators of GATT to include all synthetic rubber articles within the provision for such articles negotiated under paragraph 1558. In support of this view, appellee cites the Trade Agreements Digest of 1946 prepared by the Tariff Commission for use in trade agreement negotiations which lists under paragraph 1558 "Rubber substitutes (advanced) and synthetic rubber articles not in part carbon, not specially provided for."

The United States Tariff Commission publication entitled "United States Imports in 1946 of Products on Which the United States Will Consider Tariff Concessions in Current Trade Agreement Negotiations," dated March 1947, listed under paragraph 1558, "Synthetic rubber not in part of carbon and synthetic rubber articles not in part of carbon, not specially provided for."

The Summary of Tariff Information of 1948 states:

Synthetic rubber was not commercially produced when the Tariff Act of 1930 was written and the act did not specifically provide for the tariff treatment of imports of this material and the products made therefrom. It was subsequently interpreted by administrative action: 1) That imports of synthetic rubber not containing free carbon were dutiable under Paragraph 1558 as articles manufactured in whole or in part, not specially provided for. * * *

In Public Law 469, known as the Rubber Act of 1948, Congress sought to control and encourage the production and consumption of

synthetic rubber for the purpose of national security, thus treating synthetic rubber as a separate problem.

These facts are sufficient, in our judgment, to clearly preponderate over the contention asserted by appellant.

While we find some merit in appellee's argument relating to the application of the principle of *stare decisis*, we are inclined to confine our discussion to the basic issue as did the court below.

We have examined and considered the cases cited and the arguments advanced and not finding reversible error in the decision of the Customs Court, the judgment appealed from is accordingly *affirmed*.